IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM J. EINHORN,                          :
ADMINISTRATOR OF THE                         :
TEAMSTERS PENSION TRUST FUND                 :
OF PHILADELPHIA AND VICINITY                 :
                                             :          CIVIL ACTION
    v.                                       :
                                             :          NO. 13-1720
KLAYMAN PRODUCE CO., INC.                    :

**SURRICK, J.**                                    **DECEMBER  16 , 2013**

## MEMORANDUM

Presently before the Court is Plaintiff William J. Einhorn's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2).  (ECF No.  4.)  For the following reasons, Plaintiff's Motion will be granted.

## I.        BACKGROUND

Plaintiff William J. Einhorn, Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity (the "Fund"), brings this action against Defendant Klayman Produce Co., Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381.  (Compl. ¶ 1, ECF No. 1.)  Plaintiff seeks to recover withdrawal liability, interest, liquidated damages, attorney's fees and costs from Defendant.  (*Id*. at ¶ 25c-d.)

The Teamsters Pension Trust Fund of Philadelphia and Vicinity is a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37), and an employee pension benefit plan within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §1002(2)(A)(3), which is established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the

withdrawal liability provisions of ERISA.  (Compl. ¶ 6.)  Plaintiff is the administrator of the
Fund and is a fiduciary of the plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. §
1002(21)(A).  (*Id.* at ¶ 7.)

Defendant participated in and contributed to the plan pursuant to the terms of a collective
bargaining agreement between itself and the International Brotherhood of Teamsters, Local
Union No. 929.  (*Id.* at ¶ 13.)  On or about July 23, 2012, it was determined by the Fund that
Defendant had affected a complete withdrawal from the plan during the 2012 plan year.  (*Id.* at ¶
15.)  The Fund, by letter, demanded payment of Defendant's withdrawal liability, which was
computed as $317,159.21, payable in 65 quarterly installments, commencing on September 21,
2012.  (July 23 Ltr., Compl. Ex. B.)  The Fund did not receive any payments, and on September
21, 2012, it sent a second letter demanding that Defendant make its required payments within
sixty days.  (Sept. 21 Ltr., Compl. Ex. C.)

Plaintiff states that Defendant did not request review of this matter and did not make any
demands for arbitration.  (Compl. ¶ 18.)  Defendant failed and/or refused to make its required
withdrawal liability payments to the Fund, and on November 28, 2012, the Fund sent a third
letter notifying Defendant that it was in default.  (Nov. 28 Ltr., Compl. Ex. D.)  Plaintiff states
that as of the filing of the instant Complaint, Defendant has not made any payments and
calculates that Defendant owes withdrawal liability in the amount of $317,159.21.  (Compl. ¶¶
21-22.)

On April 2, 2013, Plaintiff filed this Complaint to collect withdrawal liability under
ERISA and other monetary relief.  (*Id.* at ¶ 1.)  The record reflects that Defendant, who was
properly served with the Complaint and Summons on April 20, 2013 (ECF No. 2), has not

appeared, answered, moved or otherwise responded.  On June 6, 2013, default was entered

against Defendant by the Clerk of Court based on Plaintiff's request.  (ECF No. 3.)

On July 19, 2013, Plaintiff filed this Motion for Default Judgment (Pl.'s Mot.), together

with the Declaration of Matthew D. Areman, Esq. (Areman Decl.) and Memorandum of Law

(Pl.'s Mem.).  (ECF No. 4.)  In addition to withdrawal liability in the amount of $317,159.21,

Plaintiff seeks $3,240.00 in attorney's fees, $606.20 in costs, $5,550.28 in interest, and

$63,431.84 in liquidated damages.  (Areman Decl. 4.)  To date, Defendant has failed to answer,

plead, or otherwise defend this action.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default

judgment against a party when default has been entered by the Clerk of Court.  Fed. R. Civ. P.

55(b)(2).  The entry of a default by the Clerk of Court, however, does not automatically entitle

the non-defaulting party to a default judgment.  *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431,

437 (E.D. Pa. 2006) (citing *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005).  In fact,

judgment by default is generally disfavored.  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d

Cir. 2008).  Nevertheless, the entry of default judgment is a matter within the sound discretion of

the district court.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  Courts consider

three factors when determining whether to enter default judgment against a defendant:  "(1)

prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable

defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v.

Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  If a default judgment is entered, "the factual

allegations of the complaint, except those relating to the amount of damages, will be taken as

true."  *Comdyne I, Inc. v. Corbin, Jr.*, 908 F.2d 1142, 1149 (3d Cir. 1999) (citing 10 Charles

Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688 at 444 (2d ed. 1983)).

## III.   DISCUSSION

### A.   Withdrawal Liability

Before deciding whether a default judgment is appropriate in this case, we must determine whether the Complaint establishes a legitimate cause of action against Defendant. *Jimenez v. Rosenbaum-Cunningham, Inc.*, No. 07-1066, 2010 WL 1303449, at *4 (E.D. Pa. Mar. 31, 2010).  Plaintiff's argument for withdrawal liability is premised upon the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA").

The MPPAA "was enacted out of a concern that ERISA did not adequately protect multiemployer pension plans from the adverse consequences that result when individual employers terminate their participation or withdraw." *Warner-Lambert Co. v. United Retail & Wholesale Emp.'s Teamster Local No. 115 Pension Plan,* 791 F.2d 283, 284 (3d Cir. 1986) (citing *Pension Benefit Guar. Corp. v. R.A. Gray & Co.,* 467 U.S. 717 (1984)).  A complete withdraw occurs when an employer "'(1) permanently ceases to have an obligation to contribute under the plan, or (2) permanently ceases all covered operations under the plan.'" *Einhorn v. J&S, Inc.*, 577 F. Supp. 2d 752, 760 (D.N.J. 2008) (citing 29 U.S.C. § 1383(a)).  The MPAA requires a withdrawing employer to pay "its share of the plan's unfunded liability . . . ." *Pittsburgh Mack Sales & Serv. Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66,* 580 F.3d 185, 194 (3d Cir. 2009).  This amount is calculated as "the difference between the present value of vested benefits and the current value of the plan's assets." *Teamsters Pension Trust Fund of Phila. & Vicinity v. Domenic Cristinzio, Inc.,* 994 F. Supp. 617, 621 (E.D. Pa. 1998).

It is the duty of a plan's trustee to determine whether a withdrawal has occurred. *Flying Tiger Line v. Teamsters Pension Trust Fund,* 830 F.2d 1241, 1244 (3d Cir. 1987). Upon making such a determination, the trustee must next calculate the amount of withdrawal liability, notify the employer, and demand payment in accordance with a planned schedule. *Id.* The employer then has an opportunity to contest the withdrawal liability by asking the trustees to conduct a reasonable review of the calculated amount within 90 days. *Id.* If a disagreement still remains, either party can initiate arbitration proceedings. *Id.* An employer who fails to demand arbitration within the statutory time frame waives the right to contest the fund's liability determination. *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Kero Leasing Corp.*, 377 F.3d 288, 294 n.5 (3d Cir. 2004); *see also Domenic Cristinzio*, 994 F. Supp. at 621 ("When an employer ignores its arbitration rights, the MPPAA unambiguously provides that the liability is fixed and the employer's right to dispute the assessment is waived."). A fund's subsequent suit to compel payment will succeed if the plan sponsor demonstrates that the plan "'made a demand for interim payments under 29 U.S.C. § 1382 and that payments were not made.'" *Teamsters Pension Trust Fund of Phila. & Vicinity v. TransWorld Port & Dist. Servs., Inc.*, No. 09-3479, 2010 WL 4269380, at *2 (E.D. Pa. Oct. 25, 2010) (quoting *Galgay v. Beaverbrook Coal Co.*, 105 F.3d 137, 139 (3d Cir. 1997)).

Here, Plaintiff determined that Defendant had affected a complete withdrawal, calculated the withdrawal liability, and demanded payment in accordance with a payment schedule. In failing to respond, Defendant neither requested review nor demanded arbitration. Approximately two months after the initial demand, Plaintiff sent Defendant another letter demanding payment within sixty days. At the expiration of the sixty day period, Plaintiff had not received any payments from Defendant. Thereafter, Plaintiff sent Defendant a letter notifying Defendant that

the failure to make any payments to the fund resulted in default. To date, no payments have been made by Defendant. Accordingly, we find that Plaintiff has asserted a legitimate cause of action against Defendant.

**B.    Default Judgment**

Having determined that the Complaint establishes a legitimate cause of action against Defendant, we must next consider whether default judgment is appropriate. An entry of default under Rule 55(a) of the Federal Rules of Civil Procedure must precede an entry of default judgment under Rule 55(b)(2). *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc*., 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Default against Defendant was properly entered by the Clerk of Court on June 6, 2013. As noted above, courts generally consider three factors in determining whether entry of default judgment is appropriate: (1) prejudice to plaintiff if default is denied; (2) whether the defendant's conduct is culpable, and (3) whether defendant has a meritorious defense. *Chamberlain*, 210 F.3d at 164.

We are satisfied that entry of default judgment against Defendant is warranted. First, Defendant's lack of participation in this action continues to cause prejudice to Plaintiff. Defendant has failed to enter an appearance in this action, which has been pending for over eight months. Moreover, Defendant has not responded to Plaintiff's Motion which was filed over four months ago. As a result, Plaintiff has incurred the additional costs of filing and briefing this Motion and has been delayed in receiving relief in the form of the delinquent pension plan payments. *Teamsters Local No. 945 Pension Fund v. Garden State Hauling, LLC*, No. 09-2938, 2009 WL 4730199, at *3 (D.N.J. Dec. 4, 2009); *IUE Multi-Employer Pension Fund v. M&C Vending, Inc*., No. 11-4355, 2013 WL 2007298, at *3 (D.N.J. May 13, 2013).

Second, we can find no excuse or justification for default, apart from Defendant's own culpability.  "Culpable conduct relates only to 'actions taken willfully or in bad faith.'"  *Eastern Elec. Corp. of N.J. v. Shoemaker Constr. Co.,* 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009) (quoting *Mike Rosen & Assocs., P.C. v. Omega Builders,* 940 F. Supp. 115, 118 (E.D. Pa. 1996)).  "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful."  *Innovative Office Prods., Inc. v. Amazon.com, Inc*., No. 10-4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012).  Here, the record reflects that Defendant was properly served with the Complaint and Summons.  Nevertheless, Defendant has not participated in this ligation at all and has offered no reasons for its failure to do so.

Third, Defendant has not asserted a meritorious defense, either by answering the Complaint or by filing a response to the instant Motion.  *See Trs. of the Nat'l Elevator Indus. Pension Plan v. Universal Elevator Corp.,* No 11-3381, 2011 WL 5341008, at *3 (E.D. Pa. Nov. 3, 2011) (finding that defendant's silence was proof that he had no litigable defense).  Moreover, given Defendant's silence, we are unable to independently discern any facts that would bar Plaintiff's recovery at trial.  In fact, Defendant's failure to initiate arbitration proceedings is "tantamount to Defendant abdicating its right to challenge the withdrawal liability assessments in this Court."  *Dilner v. Sheesley Supply Co., Inc*., No. 10-122, 2012 WL 5818315, at *5 (W.D. Pa. Nov. 15, 2012);  s*ee also Cent. Pa. Teamsters Pension Fund v. Bear Dist. Co., Inc*., No. 07-3554, 2009 WL 812224, at *6 (E.D. Pa. Mar. 26, 2009) ("Companies that fail to take any action in the face of a demand for withdrawal liability face a certain default in the federal courts.").  Accordingly, we find that Plaintiff's assessment of $317,159.21 is "due and owing", and we will grant Plaintiff's motion for default judgment.  29 U.S.C. § 1401(b)(1) ("If no arbitration

proceeding has been initiated . . . the amounts demanded by the plan sponsor . . .shall be due and owing on the schedule set forth by the plan sponsor.").

> C.      **Interest, Liquidated Damages, and Attorney's Fees**

In addition to withdrawal liability, Plaintiff requests attorney's fees, costs, interest, and liquidated damages.  It is well settled that "[a]n action to recover withdrawal liability is treated in the same matter as a delinquent contribution matter under 29 U.S.C. § 1145."  *Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co., Inc.*, 57 F. App'x 972, 975 (3d Cir. 2003).  The delinquent contribution provisions of ERISA provide that certain remedies are mandatory.  29 U.S.C. 1132(g)(2).  These remedies include "interest on the unpaid contributions; the greater of the accrued interest or an amount not in excess of 20% of the principle due; and reasonable attorney's fees and costs of the action."  *Bellezza*, 57 F. App'x at 975 (citing 29 U.S.C. §§ 1132(g)(2)(B)-(D)).

As noted above, we have concluded that Plaintiff is entitled to withdrawal liability in the amount of $317,159.21.  Defendant is also required to pay interest on the unpaid contribution in the amount of $5,550.28.  *See* 29 U.S.C. § 1132(g)(2)(B).  This figure is based on the Declaration of Matthew D. Areman, Esq., which calculates the interest from the date of default on November 28, 2012 at a rate of 3.25%.  (Areman Decl. 3.)[1]  Defendant must also pay liquidated damages in the amount of $63,431.84.  *See* 29 U.S.C. § 1132(g)(2)(C)(ii).  We base this amount on the plan's governing document which states that "[l]iquidated damages shall be 20% . . . of the amount owed by the employer, unless the Trust Fund is entitled to a greater sum by a doubling of the interest."  (Pension Plan 51, Pl.'s Mot. Ex. A.)

---

[1] This rate is established by the Pension Benefit Guarantee Corporation.  *See* 29 C.F.R. § 4219.32.

Plaintiff is also entitled to "reasonable attorney's fees and costs of the action . . . ."  29

U.S.C. § 1132(g)(2)(D).  "[T]he most useful starting point for determining the amount of a

reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate."  *Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1035

(3d Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  A reasonable hourly

rate is generally calculated according to prevailing market rates in the relevant community.  *Id*.

In addition, "[a] request for fees must be accompanied by 'fairly definite information as to hours

devoted to various general activities, eg., partial discovery, settlement negotiations, and the hours

spent by various classes of attorneys."  *Trs. Of Teamsters Pension Trust Fund of Phila. &

Vicinity v. Sheinman Provision Co*., No. 11-6116, 2012 WL 3104402, at *2 (E.D. Pa. July 30,

2012) (quoting *UAW Local 259 Soc. Sec. Dept. v. Metro Auto Ctr*., 501 F.3d 283, 291 (3d Cir.

2007)).

Here, Plaintiff has submitted the Declaration of the Fund's attorney, Matthew D. Areman,

Esquire.  Mr. Areman's fee of $300 an hour (Areman Decl. 2), although somewhat high, appears

to be reasonable in the context of ERISA representation.  *Sheinman*, 2012 WL 3104402, at *1

(finding that the attorney's fee of $300 dollars per hour was reasonable); *Carpenters Pension &

Annuity Plan v. Grosso*, No. 07-5013, 2009 WL 2431340, at *7 (E.D. Pa. Aug. 6, 2009) (finding

associate fee of $230 per hour reasonable); *Trs. of Nat. Elevator v. Imperial Service, Inc*., No.

10-2592, 2013 WL 3914779, at *5 (E.D. Pa. July 29, 2013) (finding that fees of $215 and $225

per hour were reasonable).  In addition, Mr. Areman's Declaration provides a description of the

tasks that he performed and the amount of time spent on each task, billed in one-tenth hour

increments.  (Areman Decl. 2).  Counsel's hourly total of 10.8 hours includes review of the file,

preparation of the pleadings, preparation and filing of the entry of default, and preparation of this

Motion for Default Judgment.  We find these representations to be reasonable.  Finally, Plaintiff seeks $350 in filing fees, $154.50 for the service of process, and $101.70 in photocopy and postage charges.  These costs also appear necessary and reasonable.

**IV**.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment will be granted. An appropriate Order follows.

                                                         **BY THE COURT:**

                                                         _____
                                                         **R. BARCLAY SURRICK, J.**